# JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JON NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF RIVERSIDE, SHAWN SHOURDS, TIM JENSEN, ERIC GARCIA, CORY OAKES, KEVIN TOWNSEND, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.: EDCV 13-01665 DTB<br><br>[~~PROPOSED~~] JUDGMENT<br><br><br><br><br><br><br><br><br>*Complaint filed 9/16/13*<br>*First Amended Complaint filed 2/28/14* |

The above-entitled matter came on regularly for jury trial on Wednesday, January 8, 2015 before the Hon. David T. Bristow, United States District Court Magistrate Judge. Jerry Steering and Gregory Peacock appeared on behalf of Plaintiff, Jon Nelson. Douglas Smith and Neil Okazaki appeared on behalf of Defendants, City of Riverside, Shawn Shourds, and Tim Jensen.

Prior to the trial and during the course of the litigation, the following relevant events occurred:

1. On October 23, 2014, pursuant to stipulation and Court order (See ECF Document No. 46) Defendant Kevin Townsend was dismissed.

2. On December 16, 2014, pursuant to stipulation, and Court order (See ECF Document No. 69) Plaintiff's special damages claims were dismissed with the exception of (1) services provided by Riverside Community

Hospital ($21,580); (2) services provided by Southland Spine and Rehab ($3,716) and (3) services provided by AMR ($1,586).

3. On December 16, 2014, pursuant to stipulation, and Court order (See ECF Document No. 69), Defendant Eric Garcia was dismissed from this Action.

4. On December 16, 2014, pursuant to stipulation, and Court order (See ECF Document No. 69), Plaintiff's *Monell* claims (3rd claim) and similar state law claims (paragraphs 98 and 99 of Plaintiff's Complaint) were dismissed.

5. Defendant Cory Oakes passed away prior to service of the amended complaint and his estate was never substituted in as a defendant; and he was not identified as a party to this Action in the executed Final Pre-Trial Conference Order. He was therefore dismissed from the Action.

During trial, Plaintiff dismissed his negligence claim.

The trial commenced as scheduled, witnesses testified, and evidence was admitted.

The jury was duly instructed in the law and commenced deliberations on Thursday, January 15, 2015.

On Friday, January 16, 2015, the jury returned a unanimous verdict which found, in pertinent part, as follows:

1. Do you find by a preponderance of the evidence that Defendant Shawn Shourds violated the Fourth Amendment rights of Plaintiff Jon Nelson to be free from an unlawful seizure of his person? Answer: No.

2. Do you find by a preponderance of the evidence that Defendant Tim Jensen violated the Fourth Amendment rights of Plaintiff Jon Nelson to be free from an unlawful seizure of his person? Answer: No.

///
///

3. Do you find by a preponderance of the evidence that Defendant Shawn Shourds violated the Fourth Amendment rights of Plaintiff Jon Nelson to be free from the use of unreasonable force?  Answer: No.

4. Do you find by a preponderance of the evidence that Defendant Tim Jensen violated the Fourth Amendment rights of Plaintiff Jon Nelson to be free from the use of unreasonable force?  Answer: No.

5. Do you find by a preponderance of the evidence that Defendant Shawn Shourds committed an assault on Plaintiff Jon Nelson?  Answer: No.

6. Do you find by a preponderance of the evidence that Defendant Tim Jensen committed an assault on Plaintiff Jon Nelson?  Answer: No.

7. Do you find by a preponderance of the evidence that Defendant Shawn Shourds intentionally inflicted emotional distress on Plaintiff Jon Nelson?  Answer: No.

8. Do you find by a preponderance of the evidence that Defendant Tim Jensen intentionally inflicted emotional distress on Plaintiff Jon Nelson?  Answer: No.

9. Do you find by a preponderance of the evidence that Defendant Shawn Shourds falsely arrested/falsely imprisoned Jon Nelson?  Answer: No.

10. Do you find by a preponderance of the evidence that Defendant Tim Jensen falsely arrested/falsely imprisoned Jon Nelson?  Answer: No.

11. Do you find by a preponderance of the evidence that Defendant Shawn Shourds committed battery on Plaintiff Jon Nelson?  Answer: No.

12. Do you find by a preponderance of the evidence that Defendant Tim Jensen committed battery on Plaintiff Jon Nelson?  Answer: No.

See ECF Document Nos. 126 and 127.

The jury was polled and each member of the jury confirmed his or her vote was as read in the special verdict.

///

Based upon the foregoing and good cause appearing therefor:

IT IS ORDERED, ADJUDGED and DECREED that Plaintiff Jon Nelson take nothing, and that JUDGMENT be entered against Plaintiff and in favor of Defendants, City of Riverside, Shawn Shourds, and Tim Jensen.  Defendants to recover costs of suits in accordance with a Bill of Costs to be filed.

DATED: February  19 , 2015

_____
HON. DAVID T. BRISTOW
United States District Court Magistrate Judge